UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| RILEY A. CLINE and ZACHARY AARON CLINE,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>PARKER INDUSTRIES, INC. dba SOFA SOURCE, and DOES 1-3,<br><br>　　　　Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S SHORT FORM DISCOVERY MOTION (DOC. NO. 17)**<br><br><br>Case No. 2:21-cv-00635<br><br>Magistrate Judge Daphne A. Oberg |

Defendant Parker Industries, Inc. ("Parker") seeks to compel Plaintiff Zachary Cline to respond to a deposition question regarding the nature of the illness leading to his discharge from the Navy. (Short Form Discovery Motion ("Mot."), Doc. No. 17.) The court held a hearing on the motion on March 24, 2022. (*See* Doc. No. 20.) Where Mr. Cline's refusal to respond to this question lacks legal basis, the court grants the motion and orders Mr. Cline to respond to the deposition question. Both parties' requests for an award of attorney fees and costs are denied.

BACKGROUND

Plaintiffs Riley Cline and Zachary Cline brought this action against Parker, their former employer, asserting claims for sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964. (Compl., Doc. No. 2.) They allege Ms. Cline was sexually harassed by her supervisor and Plaintiffs were terminated after complaining about the harassment. (*Id.* ¶¶ 17–24.) Plaintiffs seek damages for past and future lost wages and benefits, correction of employment records, attorney's fees and costs, and punitive damages. (*Id.* at 8–9.)

Mr. Cline was deposed on March 4, 2022. (*See* Ex. 1 to Mot., Dep. of Zachary Cline, Doc. No. 17-1.) Shortly after his deposition began, he was asked about his discharge from the Navy. (*Id.* at 8:5, 8:10.) Mr. Cline testified he was honorably discharged after he developed a "medi[c]al illness" and was deemed "no longer fit to serve in the Navy." (*Id.* at 8:20–24.) Parker's counsel asked Mr. Cline about the illness. (*Id.* at 8:25.) Instead of answering the question, Mr. Cline asked about the relevance of the information. (*Id.* at 9:1.) Plaintiffs' counsel then objected to the question based on relevance and instructed Mr. Cline not to answer. (*Id.* at 9:3–4, 9:9–10.)

After discussing the relevance objection with Parker's counsel, Plaintiffs' counsel maintained his position that Mr. Cline would not answer the question. (*Id.* at 12:2–3.) Parker's counsel then terminated the deposition and informed Plaintiffs' counsel he intended to move to compel Mr. Cline to answer. (*Id.* at 11:7–12, 12:4–6.) Later the same day, Plaintiffs' counsel sent an email to Parker's counsel, stating Plaintiffs' medical issues were irrelevant to Plaintiffs' claims and were also "private and privileged." (Ex. 1 to Pls.' Opp'n to Def.'s Short-Form Disc. Mot. ("Opp'n"), Doc. No. 19-1.) Parker's counsel did not respond to the email. (*See* Opp'n 2, Doc. No. 19.) Parker filed the instant motion to compel on March 16, 2022. (Mot., Doc. No. 17.)

## LEGAL STANDARDS

Generally, objections made during a deposition are "noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2). "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2).

Rule 30(d)(3) provides that "[a]t any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3)(A). "If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order." *Id.* "The court may order that the deposition be terminated or may limit its scope and manner as provided in Rule 26(c)." Fed. R. Civ. P. 30(d)(3)(B).

Rule 26(c), in turn, permits any person from whom discovery is sought to move for a protective order. Fed. R. Civ. P. 26(c)(1). Under this rule, the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.*

ANALYSIS

Parker seeks to compel Mr. Cline to respond to the question regarding the nature of his illness which was the reason for his discharge from the Navy.[1] (Mot. 3, Doc. No. 17.) Parker argues Plaintiffs' counsel improperly instructed Mr. Cline not to answer because the question did not seek privileged information and there was no other basis for Mr. Cline to refuse to respond. (*Id.* at 2.) Parker also seeks an award of attorney fees and costs incurred in terminating the deposition and bringing this motion. (*Id.* at 3.)

---

[1] Parker specifically asks the court to compel Mr. Cline to respond to "all questions that are not privileged under [Rule] 30(d)(3), including the question regarding his reason for discharge from the U.S. Navy." (Mot. 3, Doc. No. 17.) However, Rule 30(d)(3) does not address privilege, and it is not clear what broader category of questions Parker is referring to with this description. Accordingly, this order addresses only the question regarding the nature of Mr. Cline's illness which was the reason for his discharge.

3

In opposition, Plaintiffs argue Mr. Cline properly refused to answer the question in order to preserve his privileged medical information. (Opp'n 2, Doc. No. 19.) Plaintiffs also argue Mr. Cline's medical history is irrelevant because Plaintiffs are not seeking emotional distress damages in this action. (*Id.*) Plaintiffs contend Parker improperly terminated the deposition based on a "peripheral issue," and they argue Parker failed to make reasonable attempts to resolve the discovery dispute before filing the motion. (*Id.* at 2–3.) They request an award of attorney fees incurred in responding to the motion. (*Id.* at 3.)

During the deposition, Plaintiffs' counsel objected to the question at issue only on the basis of relevance; he did not assert a privilege or any other grounds under Rule 30(c)(2) which would justify an instruction not to answer. And Mr. Cline did not bring a motion to terminate or limit the deposition under Rule 30(d)(3). Because a relevance objection, alone, is an invalid basis for refusal to answer deposition questions, Plaintiffs' counsel's instruction not to answer was improper. *See Resolution Tr. Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995) ("It is inappropriate to instruct a witness not to answer a question on the basis of relevance.").

Further, Plaintiffs have not demonstrated any privilege was implicated by the question regarding the nature of Mr. Cline's illness. The cases cited in Plaintiffs' opposition brief do not support the proposition that the nature of Mr. Cline's illness is privileged information. For instance, *Fisher v. Southwestern Bell Telephone Company* addressed the psychotherapist-patient privilege in the context of a discovery request for therapy records. 361 F. App'x 974, 977–78 (10th Cir. 2010) (unpublished). Here, the deposition question merely called for disclosure of the illness or condition which was the basis for Mr. Cline's military discharge. It did not address communications with a psychotherapist. It is not even apparent that Mr. Cline's condition or illness, which he referred to as a medical condition, implicates psychotherapy. *Fisher* does not

4

support the claim that the mere fact of a condition or illness falls within the psychotherapist-patient privilege under these circumstances. The other cases cited by Plaintiffs addressed requests for production of medical records and interrogatories regarding medical history, which are governed by different rules; neither case addressed deposition questioning or recognized a general privilege applicable to a party's medical information. *See Reuben v. HCG Food To Go, LLC*, No. 2:20-cv-240, 2021 U.S. Dist. LEXIS 124570 (D. Utah July 1, 2021) (unpublished) (addressing subpoena for medical records); *Reuben v. HCG Food To Go, LLC*, No. 2:20-cv-240, 2021 U.S. Dist. LEXIS 124577 (D. Utah July 1, 2021) (unpublished) (addressing interrogatories regarding medical history).

The court need not address whether Mr. Cline's illness is relevant because, as noted above, a relevance objection is not a proper basis for refusing to answer a deposition question. Where Mr. Cline has not demonstrated any ground under Rule 30(c)(2) justifying his refusal to respond, and he did not bring a Rule 30(d)(3) motion to terminate or limit the deposition, Mr. Cline is required to answer the question regarding the nature of his illness. Accordingly, Parker's motion is granted, and Mr. Cline is ordered to respond to this question.

Parker's request for attorney fees and costs is denied. As provided in the District of Utah's local rules, disputes arising during a deposition "may be efficiently resolved by contacting the assigned judge by phone." DUCivR 37-1(e). Parker did not avail itself of this option but, instead, chose to terminate the deposition and file a motion, thereby incurring the fees and costs it now seeks. Where Parker could have avoided incurring these fees and costs by following the procedure set forth in DUCivR 37-1(e), an award of fees and costs would be unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii) (providing the court must not award expenses to the prevailing party on a discovery motion if "other circumstances make an award of expenses

5

unjust"). Plaintiffs' request for attorney fees is denied because they have not prevailed and their position is otherwise unjustified.

## CONCLUSION

Parker's motion, (Doc. No. 17) is GRANTED, and Mr. Cline is ORDERED to respond to the deposition question regarding the nature of his illness which was the reason for his discharge from the Navy. Both parties' requests for an award of attorney fees and costs are denied.

DATED this 20th day of May, 2022.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

6