UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| RILEY A. CLINE and ZACHARY AARON CLINE,<br><br>Plaintiffs,<br><br>v.<br><br>PARKER INDUSTRIES, INC. dba SOFA SOURCE, and DOES 1-3,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER RE: MEDICAL AND MARITAL INORMATION (DOC. NO. 21)**<br><br><br>Case No. 2:21-cv-00635<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiffs Riley A. Cline and Zachary Cline seek a protective order preventing Defendant Parker Industries, Inc. ("Parker") from conducting any discovery regarding Plaintiffs' medical history and Plaintiffs' marital issues. (Mot. for Protective Order Re: Medical and Marital Info. ("Mot.") 1, Doc. No. 21.) Parker opposes the motion. ("Opp'n," Doc. No. 26.) Because Plaintiffs' request to prevent discovery on these topics is unsupported by good cause, and Plaintiffs have not shown such discovery would subject them to undue annoyance or embarrassment, their motion is denied.

BACKGROUND

Plaintiffs Riley Cline and Zachary Cline brought this action against Parker, their former employer, asserting claims for sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964. (Compl., Doc. No. 2.) They allege Ms. Cline was sexually harassed by her supervisor and Plaintiffs were terminated after complaining about the harassment. (Id. ¶¶ 17–24.) Plaintiffs seek damages for past and future lost wages and benefits, correction of employment records, attorney's fees and costs, and punitive damages. (Id. at 8–9.)

During his deposition on March 4, 2022, Mr. Cline testified he was discharged from the Navy due to a medical illness. (*See* Mot. 2, Doc. No. 21.) When Mr. Cline was asked about the nature of the illness, his counsel objected based on relevance and instructed him not to answer. (*Id.*) Parker's counsel terminated the deposition and filed a motion to compel Mr. Cline to answer the question. (*See* Def.'s Short Form Disc. Mot. ("Mot. to Compel"), Doc. No. 17.) At a hearing on March 24, 2022, the court granted the motion and ordered Mr. Cline to respond to the question, finding the relevance objection an improper basis for refusing to respond under the federal rules, and noting Mr. Cline failed to file a Rule 30(d)(3) motion to terminate or limit the deposition. (*See* Minute Entry, Doc. No. 20; Mem. Decision and Order Granting Def.'s Short Form Disc. Mot. ("Order Granting Mot. to Compel"), Doc. No. 29.) The court did not address the merits of Mr. Cline's relevance objection. (Order Granting Mot. to Compel, Doc. No. 29.)

Following the court's ruling, Plaintiffs' counsel asked Parker's counsel to stipulate to entry of a protective order foreclosing discovery regarding Plaintiffs' medical histories and marital issues. (*See* Ex. 1 to Mot., Email from K. Grimes to W. Romney, et al. (Mar. 28, 2022), Doc. No. 21-1 at 3.) The email stated Plaintiffs separated and divorced after Parker terminated them. (*Id.*) Parker's counsel declined to stipulate to the proposed protective order. (*See* Ex. 1 to Mot., Email from T. Lowe to K. Grimes (Mar. 30, 2022), Doc. No. 21-1 at 4.) Plaintiffs then filed the instant motion for a protective order.

## LEGAL STANDARDS

Rule 26(c) of the Federal Rules of Civil Procedure permits a party or any person from whom discovery is sought to move for a protective order. Fed. R. Civ. P. 26(c)(1). Under this rule, the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* This may include "forbidding the

disclosure or discovery," or "forbidding inquiry into certain matters." Fed. R. Civ. P. 26(c)(1)(A), (D). The moving party bears the burden of proving good cause. Fed. R. Civ. P. 26(c)(1); *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 326 (10th Cir. 1981); *digEcor, Inc. v. e.Digital Corp.*, No: 2:06-cv-437, 2008 U.S. Dist. LEXIS 69931, at *7 (D. Utah Sept. 16, 2008) (unpublished) ("[T]he burden is on the party seeking a protective order to show specific and particular factors why discovery should be limited.").

The general scope of discovery is governed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

## ANALYSIS

Plaintiffs contend their medical histories and marital issues are irrelevant to any issue in this case, and discovery on these issues would cause them annoyance and embarrassment. (Mot. 1, Doc. No. 21.) They argue their medical histories have no bearing on the alleged sexual harassment and retaliation during their employment with Parker. (*Id.* at 3.) They also argue their medical histories are irrelevant to damages because they are not seeking emotional distress damages. (*Id.* at 3–4.) Finally, Plaintiffs assert their marital issues, which occurred after their termination, are irrelevant to their claims or damages. (*Id.* at 4.)

In opposition, Parker argues a preemptive protective order is inappropriate where it has not propounded discovery requests regarding Plaintiffs' medical histories or marital issues. (Opp'n 4–5, Doc. No. 26.) Parker notes the court has previously ruled that Mr. Cline must respond to the question regarding the reason for his discharge from the Navy. (Opp'n 3, Doc. No. 26.) This is relevant, according to Parker, because a "heated dispute" occurred at Parker's

warehouse when Plaintiffs were terminated, and the reason for Mr. Cline's military discharge may have some bearing on Mr. Cline's behavior during the relevant time period. (*Id.* at 3.) Parker also argues Plaintiffs' marital issues may be relevant because they were married when the underlying events occurred, and whether they separated or divorced as a result of the "the facts of this case" should be discoverable. (*Id.* at 5–6.)

As Parker noted, the court has previously ruled Mr. Cline must respond to the deposition question regarding the nature of his illness which was the reason for his discharge from the Navy. Plaintiffs have not articulated any valid basis for reconsideration of the prior order. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (Reconsideration of a prior order is appropriate where "the court has misapprehended the facts, a party's position, or the controlling law.").

Even if the court were inclined to revisit this issue, Plaintiffs have not demonstrated good cause for a protective order prohibiting Parker from inquiring into the nature of Mr. Cline's illness. Plaintiffs' arguments focus on why Plaintiffs' medical histories are irrelevant; they make only a conclusory allegation that discovery on this topic will subject them to annoyance or embarrassment. But relevance is not an appropriate deposition objection, and a deponent may not refuse to answer a deposition question merely because it seeks irrelevant information. *See Lawson v. Spirit Aerosystems*, No. 18-1100-EFM-ADM, 2020 U.S. Dist. LEXIS 66892, at *16 (D. Kan. Apr. 16, 2020) (unpublished). Moreover, the challenged deposition question did not involve a broad inquiry into Mr. Cline's medical history; rather, it focused on the reason for Mr. Cline's discharge from the Navy. The deposition of a plaintiff in a Title VII employment action may fairly encompass inquiry into the reasons for termination of prior employment (or military service), and nothing in the record suggests Parker's questioning was "in bad faith or in a manner

4

that *unreasonably* annoys, embarrasses, or oppresses the deponent or party." *See* Fed. R. Civ. P. 30(d)(3)(A) (emphasis added). Although this topic may annoy or embarrass Mr. Cline, he has not made a particularized showing of annoyance or embarrassment beyond that inherent in any ordinary deposition. Parker's inquiry into the reasons for Mr. Cline's military discharge was not unreasonable or beyond the scope of discovery given the nature of Plaintiffs' claims.

Plaintiffs have also failed to demonstrate good cause for the entry of a blanket, preemptive protective order prohibiting any other discovery regarding their medical histories or marital issues. Plaintiffs rely on cases which addressed whether specific, written discovery requests met the standards for relevance and proportionality under Rule 26. *See Reuben v. HCG Food To Go, LLC*, No. 2:20-cv-240, 2021 U.S. Dist. LEXIS 124570, at *4 (D. Utah July 1, 2021) (unpublished) (requiring subpoenas for medical records to be redrafted to be "more narrowly tailored to the issues" in the case); *Reuben v. HCG Food To Go, LLC*, No. 2:20-cv-240, 2021 U.S. Dist. LEXIS 124577, at *5–6 (D. Utah July 1, 2021) (unpublished) (finding an interrogatory question seeking disclosure of the plaintiffs' entire medical history overbroad); *Quarrie v. Wells*, No. 17-350 MV/GBW, 2020 U.S. Dist. LEXIS 54917, at *10–12 (D.N.M. Mar. 30, 2020) (unpublished) (finding an interrogatory question seeking certain personal family information of the plaintiff was outside the scope of discovery in a suit for racial discrimination); *Ostler v. Harris*, 2019 U.S. Dist. LEXIS 217687, at *10 (D. Utah Dec. 17, 2019) (unpublished) (finding a request for ten years of mental health records was not relevant). Here, Plaintiffs are not objecting to specific discovery requests. Rather, they seek to prevent Parker from conducting any discovery regarding their medical histories or marital issues before any written discovery on these topics has been propounded. Plaintiffs do not cite legal authority supporting entry of a

blanket protective order under these circumstances, nor do they cite authority which would support prohibiting any inquiry into these matters during a party's deposition.

Plaintiffs have not demonstrated good cause supporting a preemptive finding that their medical histories or marital issues are categorically beyond the scope of discovery in this case, or that permitting any discovery on these topics would subject Plaintiffs to undue annoyance or embarrassment. As set forth above, at least one aspect of Mr. Cline's medical history is within the scope of permissible deposition examination, as it relates to his Navy discharge. And given that Plaintiffs were married at the time of the underlying events and filed this case jointly, the court cannot find all potential discovery regarding their marriage categorically off limits.[1] Therefore, a blanket protective order prohibiting Parker from conducting any discovery on these topics in unwarranted at this stage. If Plaintiffs believe specific discovery requests or lines of questioning subject them to undue annoyance, embarrassment, or oppression, or are otherwise objectionable under the federal rules, they may file an appropriate motion at that time.[2]

---

[1] Parker should not interpret this order as an invitation to seek broad discovery regarding details of the Plaintiffs' relationship which have no bearing on the issues in this case. Any inquiry into this topic should be focused on obtaining information relevant to the parties' claims and defenses.

[2] If disputes arise during a deposition, the parties may contact the undersigned magistrate judge by phone instead of filing a motion, pursuant to DUCivR 37-1(e). The parties may also send an email to utdecf_oberg@utd.uscourts.gov to request a phone conference to address disputes during a deposition.

CONCLUSION

Plaintiffs' motion for a protective order, (Doc. No. 21), is DENIED.

DATED this 20th day of May, 2022.

                              BY THE COURT:

                              _____
                              Daphne A. Oberg
                              United States Magistrate Judge