UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| RILEY A. CLINE and ZACHARY AARON CLINE,<br><br>Plaintiffs,<br><br>v.<br><br>PARKER INDUSTRIES, INC. dba SOFA SOURCE,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION FOR ENTRY OF DEFAULT CERTIFICATE (DOC. NO. 60), FINDING PLAINTIFFS ARE ENTITLED TO A DEFAULT JUDGMENT AGAINST DEFENDANT, AND DEFERRING ENTRY OF JUDGMENT PENDING SUBMISSION OF EVIDENCE REGARDING DAMAGES<br><br>Case No. 2:21-cv-00635<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiffs Riley Cline and Zachary Cline brought this action against their former employer, Parker Industries, Inc., on October 26, 2021, asserting claims for discrimination and retaliation under Title VII of the Civil Rights Act of 1964.[1] Parker filed an answer,[2] and the case proceeded to the discovery stage. On August 29, 2022, the court granted the motion to withdraw filed by Parker's former counsel.[3] The court ordered Parker to appear through new counsel within twenty-one days and warned Parker that failure to appear could result in sanctions pursuant to Rule 16(f)(1) of the Federal Rules of Civil Procedure, including dismissal or default

---

[1] (*See* Compl., Doc. No. 2); 42 U.S.C. § 2000e *et seq.*

[2] (Doc. No. 11.)

[3] (Doc. No. 48.)

1

judgment.[4] Parker has failed to comply with that order. On January 23, 2023, the Clines filed a motion for entry of a default certificate due to Parker's failure to appear, citing Rules 55 and 37 of the Federal Rules of Civil Procedure.[5] Parker was served with this motion but has not responded.[6]

As explained below, the court finds the Clines are entitled to default judgment against Parker pursuant to Rule 16(f)(1) as a sanction for Parker's failure to comply with the court's order to appear through new counsel. Therefore, the Clines' motion is granted in part (to the extent it is construed as a motion for default judgment) but denied as to the request for a default certificate. The court defers entry of a default judgment against Parker pending submission of evidence regarding damages.

## LEGAL STANDARDS

Rule 83-1.4(e)(5) of the District of Utah's Local Rules of Civil Practice provides: "An unrepresented party who fails to appear within 21 days after entry of the order . . . may be subject to sanction pursuant to Fed. R. Civ. P. 16(f)(1), including but not limited to dismissal or default judgment."

Rule 16 of the Federal Rules of Civil Procedure provides: "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a

---

[4] (*Id.* at 2.)

[5] (Pls.' Mot. for Entry of Default Cert., Doc. No. 60.)

[6] (*See id.* at 3.)

party or its attorney . . . fails to obey a scheduling or other pretrial order."[7] The referenced subsections of Rule 37 outline sanctions the court may impose, including "rendering a default judgment against the disobedient party."[8] When determining the proper sanction, the court considers: (1) "the degree of actual prejudice to the defendant," (2) "the amount of interference with the judicial process," (3) "the culpability of the litigant," (4) "whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance," and (5) "the efficacy of lesser sanctions."[9]

Rule 55(a) of the Federal Rules of Civil Procedure requires the clerk to enter a party's default when the party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."[10] Under Rule 55(b), unless the claim is for a sum certain, "the party must apply to the court for a default judgment."[11]

---

[7] Fed. R. Civ. P. 16(f)(1)(C).

[8] Fed. R. Civ. P. 37(b)(2)(A)(vi).

[9] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks omitted) (listing factors to be considered before choosing dismissal as a sanction); *see also Pro Star Logistics, Inc. v. AN Enter.*, No. 2:17-cv-00491, 2018 U.S. Dist. LEXIS 62283, at *2 (D. Utah Apr. 11, 2018) (unpublished) (applying the *Ehrenhaus* factors in considering default judgment as a sanction).

[10] Fed. R. Civ. P. 55(a).

[11] Fed. R. Civ. P. 55(b)(2).

## ANALYSIS

By requesting entry of a default certificate and citing Rule 55,[12] the Clines' motion may be construed as seeking entry of a default under Rule 55(a). Because Parker filed an answer and participated in earlier stages of the proceedings, the court declines to grant a default under Rule 55(a). However, the Clines' motion also cites Rule 37, which (as referenced in Rule 16(f)(1)) permits entry of default judgment as a sanction.[13] Thus, the Clines' motion may also be construed as seeking a default judgment. Further, Rule 16(f)(1) permits the court to enter default judgment as a sanction with or without a motion. For the reasons explained below, the Clines are entitled to a default judgment against Parker under Rule 16(f)(1) as a sanction for failure to comply with the court's August 29 order to appear through new counsel.

The *Ehrenhaus* factors support entry of a default judgment against Parker in this case. First, there is a high degree of prejudice to the Clines. The Clines have been unable to seek redress for their alleged injuries because of Parker's failure to comply with the court's order or otherwise participate in ongoing litigation. Second, Parker has interfered with the judicial process by its failure to comply with the order to appear. It is impossible for the case to proceed where one party refuses to participate in the litigation. Third, Parker is highly culpable. Parker has had ample time to find new counsel in the intervening six months since the August 29 order

---

[12] (*See* Pls.' Mot. for Entry of Default Cert. 1, Doc. No. 60.)

[13] (*See* Pls.' Mot. for Entry of Default Cert. 1, Doc. No. 60.) The Clines cite Rule "37(f)(1)"—a subsection which does not exist. However, Rule 37(b)(2)(A)(vi) permits entry of default judgment as a sanction, and the Clines' motion also refers to the August 29 order instructing Parker that default judgment could be entered under Rule 16(f)(1) for failure to appear through new counsel. (*See* Pls.' Mot. for Entry of Default Cert. 1–2, Doc. No. 60.)

was entered but has failed to do so. Fourth, Parker was expressly warned that failure to comply with the August 29 order could result in sanctions, including default judgment. Finally, any sanction less than default judgment would be ineffective, given Parker's failure to appear or participate in this case for more than six months. Because all these factors weigh in favor of default judgment as a sanction, default judgment will be entered against Parker on the Clines' claims.

## CONCLUSION

The Clines' motion[14] is granted in part to the extent it is construed as a motion for default judgment but denied as to the request for a default certificate. The court finds the Clines are entitled to a default judgment against Parker due to Parker's failure to comply with the order to appear through new counsel. The court defers entry of a default judgment against Parker pending submission of evidence regarding damages. The Clines are ordered to file a memorandum setting forth their requested damages and supporting evidence by April 21, 2023.

This order will be sent to Parker at the address and email address set forth in the motion to withdraw, and to all other parties.

DATED this 20th day of March, 2023.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[14] (Doc. No. 60.)