UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| RILEY A. CLINE and ZACHARY AARON CLINE,<br><br>Plaintiffs,<br><br>v.<br><br>PARKER INDUSTRIES, INC. dba SOFA SOURCE,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' RULE 26(g)(3) MOTION FOR ATTORNEY FEES (DOC. NO. 50)**<br><br>Case No. 2:21-cv-00635<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiffs Riley Cline and Zachary Cline brought this action against their former employer, Parker Industries, Inc., asserting claims for discrimination and retaliation under Title VII of the Civil Rights Act of 1964.[1] On August 29, 2022, the court granted the motion to withdraw filed by Walter A. Romney, Jr. and Trenton L. Lowe, Parker Industries' former counsel.[2] On October 11, 2022, the Clines filed the instant motion[3] seeking attorney fees against Former Counsel in the amount of $10,170.[4] The Clines argue Former Counsel's certification of Parker Industries' discovery responses related to Title VII's fifteen-employee requirement

---

[1] (*See* Compl., Doc. No. 2); 42 U.S.C. § 2000e *et seq.*

[2] (Doc. No. 48.)

[3] (Pls.' Rule 26(g)(3) mot. for Award of Att'y Fees "Mot.," Doc. No. 50.)

[4] (*See* Pls.' Reply in Support of Rule 26(g)(3) Motion for Att'y Fees ("Reply") 8, Doc. No. 71 (revising the amount of attorney fees requested); Ex. 1 to Reply, Second Decl. of Kenneth B. Grimes in Support of Pls.' Rule 26(b)(3) Mot. for Att'y Fees, Doc. No. 71-1).)

1

violated Rule 26(g)(1) of the Federal Rules of Civil Procedure.[5] Former Counsel opposed the motion on April 26, 2023,[6] and the Clines filed a reply on May 8, 2023.[7]

Where Rule 26's certification requirement is evaluated based on the totality of the circumstances known at the time of signing, Former Counsel's certification of Parker Industries' discovery responses was substantially justified.[8] Accordingly, sanctions are unwarranted and the Clines' motion for attorney fees[9] is denied.

## BACKGROUND

The Clines served their first set of discovery requests on March 11, 2022, including Request for Admission ("RFA") 1, Interrogatory 2, and Request for Production ("RFP") 2, which are at issue here.[10] RFA 1 asked Parker Industries to admit it had "15 or more employees for

---

[5] (*See* Mot., Doc. No. 50); *see also* Fed. R. Civ. P. 26(g)(1); 42 U.S.C. § 2000e(b).

[6] (Opp'n to Pls.' Rule 26(g)(3) Mot. for Award of Att'y Fees ("Opp'n"), Doc. No. 70.) Former Counsel's opposition was filed outside the typical fourteen-day response period. *See* DUCivR 7-1(a)(4)(D)(ii). However, Former Counsel represent they did not receive notice of the motion until April 10, 2023, due to their withdrawal from the case, and the Clines do not object to the opposition as untimely. (*See* Reply, Doc. No. 71.) In light of this, and where due process requires an opportunity to be heard, the court considers both Former Counsel's opposition and the Clines' reply. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." (internal quotation marks omitted)).

[7] (Doc. No. 71.)

[8] The motion is determined on the written memoranda, as oral argument is unnecessary. *See* DUCivR 7-1(g).

[9] (Doc. No. 50.)

[10] (Mot., Statement of Material Facts ("SMF") ¶ 1, Doc. No. 50; *see also* Ex. 1 to Mot., Def. Parker Industries, Inc.'s Resps. to Pls.' First Set of Disc. Reqs. ("Def.'s First Set of Disc. Resps.") 3–5, Doc. No. 50-1.)

each working day in each of 20 or more calendar weeks during calendar years 2018 and/or 2019."[11] Interrogatory 2 requested information regarding each employee, from January 1, 2018 to December 31, 2019, including "(a) their name and job title" and "(b) each day that they were on [Parker Industries'] payroll."[12] RFP 2 sought all documents Parker Industries "referred to or relied upon in preparing [its] answers to Plaintiffs' First Set of Interrogatories."[13]

On April 25, Parker Industries served its responses to these, and other, discovery requests.[14] In the responses, which Former Counsel signed, Parker Industries denied RFA 1, declining to admit it had fifteen or more employees during the designated timeframe.[15] On May 1, the Clines emailed Former Counsel regarding the sufficiency of Parker Industries' response to Interrogatory 2, contending the spreadsheet produced did not provide complete information.[16] Three days later, on May 4, the parties conferred, at which point Former Counsel informed the Clines that Parker Industries had changed its bookkeeping program, such that information regarding the fifteen-employee requirement "may not be available."[17] Former Counsel indicated

---

[11] (Ex. 1 to Mot., Def.'s First Set of Disc. Resps. 5, Doc. No. 50-1.)

[12] (*Id.* at 3.)

[13] (*Id.* at 5.)

[14] (Mot., SMF ¶ 2, Doc. No. 50; *see also* Ex. 1 to Mot., Def.'s First Set of Disc. Resps. 5, Doc. No. 50-1.)

[15] (Mot., SMF ¶ 2, Doc. No. 50; *see also* Ex. 1 to Mot., Def.'s First Set of Disc. Resps. 5, Doc. No. 50-1.)

[16] (*See* Ex. 2 to Mot., Emails between Kenneth Grimes, Trent Lowe, and Walter. A. Romney, Jr. (May 1, 2022 through June 15, 2022), Doc. No. 50-2 at 1.)

[17] (*Id.* at 2.)

they would check with Parker Industries for more information.[18] The Clines gave Former Counsel two days, until May 6, to provide additional information on this issue.[19] On May 5, Former Counsel supplemented Parker Industries' response to Interrogatory 2 to provide additional (but still incomplete) information.[20] On May 6, the Clines served their second set of interrogatories and discovery requests, which included Second Interrogatory 2, requesting, as to each employee, from January 1, 2018 to December 31, 2019: "(a) the date upon which they first commenced employment with [Parker Industries], and (b) the date on which their employment with [Parker Industries] ended, if any."[21]

On May 9, the Clines emailed Former Counsel, indicating their review of the documents and information produced demonstrated Parker Industries "easily [met] the 15-employee limit" for the twenty-week period from June 17, 2019 to November 4, 2019.[22] The Clines included a document summarizing their analysis, argued Parker Industries' denial of RFA 1 was improper, and asked Parker Industries to amend its response to admit RFA 1 on or before May 13.[23] The Clines also noted they would file a motion to deem RFA 1 admitted and request an award of fees

---

[18] (*See id.*)

[19] (*See id.*)

[20] (Mot., SMF ¶ 5, Doc. No. 50 (citing Decl. of Kenneth B. Grimes in Support of Pls.' Rule 26(g)(3) Mot. for Award of Att'y Fees ("Grimes Decl.") ¶ 3, Doc. No. 51).)

[21] (*Id.* ¶ 6 (citing Grimes Decl. ¶ 4, Doc. No. 51).)

[22] (Ex. 2 to Mot., Emails between Kenneth Grimes, Trent Lowe, and Walter. A. Romney, Jr. (May 1, 2022 through June 15, 2022), Doc. No. 50-2 at 4.)

[23] (*Id.*)

if they did not receive an amended response by that date.[24] Former Counsel replied to this email on May 13, stating they reviewed the Clines' analysis, but disagreed with it, and believed the issue was "appropriate for the trier of fact and not a motion to deem the request admitted."[25] The Clines replied that same day, maintaining Parker Industries' denial of RFA 1 was improper, in bad faith, and caused unnecessary burden and expense.[26] The Clines filed a motion for partial summary judgment regarding the fifteen-employee requirement on May 18.[27]

On May 20, counsel for the Clines sent an email to Former Counsel restating why Parker Industries' response to Interrogatory 2 was deficient, requesting additional information by May 26, and indicating they would file a motion to compel if it was not received by that date.[28] After receiving no reply, the Clines followed up on May 30, asking Former Counsel to meet and confer.[29] The parties met on June 2.[30] During this meeting, Former Counsel indicated they had

---

[24] (*Id.*)

[25] (*Id.* at 5.)

[26] (*Id.* at 6.)

[27] (*See* Doc. No. 28.)

[28] (Ex. 2 to Mot., Emails between Kenneth Grimes, Trent Lowe, and Walter. A. Romney, Jr. (May 1, 2022 through June 15, 2022), Doc. No. 50-2 at 8.)

[29] (*Id.* at 9.)

[30] (*Id.* at 10.)

a call scheduled to discuss the fifteen-employee issue with Parker Industries that same day.[31] The Clines agreed to take no action on this issue until June 8.[32]

On June 9, Former Counsel produced additional information and documents related to the fifteen-employee issue.[33] That same day, the Clines noted numerous deficiencies and inconsistencies in the information provided and documents produced.[34] The Clines indicated "there is no conceivable issue of fact" regarding the fifteen-employee requirement because, based on the information provided, Parker Industries had "18 or more employees for EVERY week of calendar 2018."[35]

On June 14 (the day before Parker Industries' response to the motion for partial summary judgment was due), Former Counsel contacted the Clines and indicated Parker Industries' willingness to amend its response to admit RFA 1.[36] Former Counsel asked the Clines to withdrawn the motion as moot in light of the admission.[37] The Clines refused on June 15, indicating that because the motion was meritorious, Former Counsel should, instead, file a notice

---

[31] (*Id.*)

[32] (*Id.*)

[33] (Mot., SMF ¶ 15, Doc. No. 50; *see also* Ex. 2 to Mot., Emails between Kenneth Grimes, Trent Lowe, and Walter. A. Romney, Jr. (May 1, 2022 through June 15, 2022), Doc. No. 50-2 at 11.)

[34] (Ex. 2 to Mot., Emails between Kenneth Grimes, Trent Lowe, and Walter. A. Romney, Jr. (May 1, 2022 through June 15, 2022), Doc. No. 50-2 at 12.)

[35] (*Id.* (emphasis in original).)

[36] (*Id.* at 13.)

[37] (*Id.*)

6

of non-opposition.[38] That same day, Former Counsel served an amended response to RFA 1, admitting Parker Industries satisfied the fifteen-employee requirement, and filed its response opposing the motion for partial summary judgment as moot in light that admission.[39]

On August 26, the Clines filed a motion for attorney fees under Rule 37(c)(2) of the Federal Rules of Civil Procedure.[40] Before a ruling was issued on either the Rule 37 motion for attorney fees or the motion for partial summary judgment, Former Counsel withdrew from the case, Parker Industries failed to have new counsel file a notice of appearance,[41] and the Clines filed a motion for entry of default against Parker Industries.[42] The Clines filed the instant motion for attorney fees against Former Counsel on October 11, after they withdrew.[43] On March 20, 2023, the court determined the Clines are entitled to default judgment, but deferred entering

---

[38] (*Id.* at 14.)

[39] (*See* Doc. No. 31.)

[40] (Doc. No. 46); *see also* Fed. R. Civ. P. 37(c)(2) ("If a party fails to admit [an RFA] and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless: (A) the request was held objectionable under Rule 36(a); (B) the admission sought was of no substantial importance; (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or (D) there was other good reason for the failure to admit.").

[41] (*See* Docket Text Order, Doc. No. 58.)

[42] (*See* Order Granting Mot. to Withdraw, Doc. No. 48; Mot. for Entry of Default, Doc. No. 60.)

[43] (Doc. No. 50.)

judgment pending submission of evidence regarding damages.[44] Where the Clines are entitled to default judgment against Parker Industries, the court denied both the motion for partial summary judgment and the Rule 37 motion for attorney fees without prejudice, but left the instant motion pending.[45]

## LEGAL STANDARDS

Rule 26

Rule 26 requires every discovery response "be signed by at least one attorney of record."[46] By signing, attorneys certify, to the best of their knowledge after a reasonable inquiry, the discovery response is: (i) consistent with the federal rules and warranted by existing law or a nonfrivolous legal argument; (ii) not interposed for an improper purpose, such as harassment, delay, or needlessly increasing costs; and (iii) not unreasonable, unduly burdensome or expensive, considering the case.[47] If an attorney's certification violates this rule "without substantial justification," the court "must impose an appropriate sanction" on the signer and/or the party. The sanction may include an order to pay the reasonable expenses, including attorneys fees.[48]

---

[44] (*See* Mem. Decision and Order Granting in Part Mot. for Entry of Default Certificate, Finding Pls. are Entitled to a Default J. Against Def., and Deferring Entry of J. Pending Submission of Evidence Regarding Damages, Doc. No. 62.)

[45] (Order Den. Without Prejudice Motions for Partial Summ. J. and Rule 37(c)(2) Mot. for Att'y Fees, and Requiring Suppl. Briefing on Rule 26(g)(3) Mot. for Att'y Fees, Doc. No. 63.)

[46] Fed. R. Civ. P. 26(g)(1).

[47] *Id.*

[48] *See* Fed. R. Civ. P. 26(g)(3).

When considering sanctions under Rule 26(g), "the court must judge the attorney's conduct under an objective standard of reasonableness. Subjective bad faith is not required."[49] The central issue is "whether the person who signed the pleading conducted a reasonable inquiry into the facts and law."[50] In making that inquiry, "the attorney may rely on assertions by the client and on communications with other counsel in the case as long as that reliance is appropriate under the circumstances."[51] However, reasonableness is ultimately "a matter for the court to decide on the totality of the circumstances"[52] based on what the attorney knew at the time of signing.[53] A violation of Rule 26(g) is sanctionable only if the certification was not substantially justified.[54] "Substantially justified" means "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person."[55] Put another way, "substantially justified means there is a dispute over which reasonable minds could differ."[56]

---

[49] *In re Byrd, Inc.*, 927 F.2d 1135, 1137 (10th Cir. 1991) (citation omitted).

[50] *Id.* (internal quotation marks omitted).

[51] Fed. R. Civ. P. 26, advisory committee's note to 1983 amendment.

[52] *Id.*

[53] *See A PDX Pro Co. v. Dish Network Serv., LLC*, 311 F.R.D. 642, 653 (D. Colo. 2015); *see also* Fed. R. Civ. P. 26, advisory committee's note to 1983 amendment ("The certification speaks as of the time it is made.").

[54] *See* Fed. R. Civ. P. 26(g)(3).

[55] *Schmelzer v. IHC Health Servs.*, No. 2:19-cv-00965, 2022 U.S. Dist. LEXIS 139877, at *12 (D. Utah Aug. 4, 2022) (unpublished) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

[56] *Id.* (quoting *Gonzales v. Free Speech Coal.*, 408 F.3d 613, 618 (9th Cir. 2005)).

Title VII's Fifteen-Employee Requirement

Title VII makes it unlawful for an employer to discriminate against an employee based on race, color, religion, sex, or national origin.[57] Under Title VII, the term "employer" means an organization which has "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."[58] Thus, an organization employing fewer than fifteen people is not subject to suit under Title VII.[59] The Supreme Court addressed how to accurately calculate the number of employees in *Walters v. Metropolitan Educational Enterprises, Inc.*[60] The *Walters* Court adopted what has become known as the "payroll method," wherein an employee is counted only if she was on an organization's payroll for "each working day" of any given work week.[61] But this is not always a straightforward calculation; employees will not count toward a given work week if they were hired or separated in the middle of a week.[62]

---

[57] 42 U.S.C. § 2000e-2.

[58] *Id.* at § 2000e(b).

[59] *See Castille v. Compliance Sols.*, 29 F. App'x 559, 561 (10th Cir. 2002) (unpublished).

[60] 519 U.S. 202 (1997).

[61] *Id.* at 206–09.

[62] *See id.* at 209.

## ANALYSIS

The Clines argue Former Counsel's certification of Parker Industries' initial discovery responses relating to the fifteen-employee requirement violated Rule 26.[63] The Clines contend the incomplete data Parker Industries initially produced "clearly showed" it met the requirement, and Former Counsel "refused to reasonably communicate" after this fact was pointed out to them.[64] The Clines argue Former Counsel's denial of RFA 1 was unjustified—even if the response was "hampered due to insufficient information" from Parker Industries—because Former Counsel should have stated they lacked sufficient information to admit or deny RFA 1 instead of denying it outright.[65] The Clines contend Parker Industries bore the burden of proof on the fifteen-employee requirement and their improper denial of RFA 1 shifted the burden to the Clines.[66]

Former Counsel contend they acted properly based on the information they had at the time of signing, they were responsive regarding the fifteen-employee issue, and they operated in good faith by supplementing their responses multiple times as additional information was provided to them.[67] Former Counsel argue their discovery responses were based on Parker

---

[63] (Mot. 10, Doc. No. 50.)

[64] (*Id.* at 10, 12.)

[65] (Reply 2, Doc. No. 71); *see also* Fed. R. Civ. P. 36(a)(4) (outlining permissible answers to a request for admission).

[66] (Reply 3, Doc. No. 71.)

[67] (*See* Opp'n 2, 8, Doc. No. 70.)

Industries' representations, which included incomplete and inconsistent information.[68] They further argue that admitting "Parker Industries met the Title VII threshold—a potentially dispositive issue—when they did not have the full information required to make such a determination would have severely prejudiced Parker Industries had it not been true."[69] They contend they were unable to make a definitive determination until June 6, after receiving additional employment data from Parker Industries, despite "continued efforts to procure such information sooner."[70]

    After full review of the record and briefing, based on the totality of the circumstances known at the time of signing, it is apparent that Former Counsel's certification of Parker Industries' initial discovery responses was substantially justified. As an initial matter, Former Counsel appropriately relied on assertions made by their client at the time of signing. The certification at issue was made in response to the first set of discovery requests served in this case. It was appropriate for Former Counsel to rely on representations made by their client at this early stage. This is especially true where Parker Industries had provided Former Counsel with incomplete employment data at the time of signing and indicated further data "may not be available" due to changes in its bookkeeping program.[71]

---

[68] (*Id.* at 2.)

[69] (*Id.*)

[70] (*Id.* at 7, 9.)

[71] (*See* Ex. 2 to Mot., Emails between Kenneth Grimes, Trent Lowe, and Walter. A. Romney, Jr. (May 1, 2022 through June 15, 2022), Doc. No. 50-2 at 1.)

In support of their contention that Former Counsel "knew or should have known" the information Parker Industries produced "was sufficient to meet the 15-employee requirement,"[72] the Clines rely on *Acosta v. Maranto*.[73] But *Acosta* is inapplicable to this case. In *Acosta*, the Western District of Oklahoma's decision to sanction an attorney for violating Rule 26's certification requirement hinged on deposition testimony from the attorney's clients.[74] The clients "testified unequivocally" that the information supplied in their discovery responses "was incorrect because they were not consulted at all" by their attorney.[75] That is simply not the case here. Nothing indicates Former Counsel submitted the discovery responses without first consulting Parker Industries. To the contrary, Former Counsel appear to have relied on Parker Industries' representations based on the partial data it provided. Moreover, by the Clines' own account, Former Counsel continued to consult with Parker Industries regarding the sufficiency of its responses related to the fifteen-employee issue.

Former Counsel also reasonably communicated with the Clines on the fifteen-employee issue, as evidenced by their two meetings and various informal, email conferrals.[76] Parker Industries served its first set of discovery responses on April 25. The Clines raised concerns

---

[72] (Mot. 12, Doc. No. 50.)

[73] No. CIV-15-1378-D, 2017 U.S. Dist. LEXIS 154146 (W.D. Okla. Sept. 21, 2017) (unpublished); (Mot. 11–12, Doc. No. 50).

[74] *Acosta*, 2017 U.S. Dist. LEXIS 154146, at * 4–5.

[75] *Id.*

[76] (*See* Ex. 2 to Mot., Emails between Kenneth Grimes, Trent Lowe, and Walter. A. Romney, Jr. (May 1, 2022 through June 15, 2022), Doc. No. 50-2 at 6 (referencing a prior meeting and conferral while also stating, "we have further conferred through our emails").)

regarding the sufficiency of Parker Industries' responses related to the fifteen-employee requirement on May 1. The parties formally met and conferred on that issue on May 4—a mere three days later. The parties met and conferred again on June 6, thirty-three days—and one supplemental production—after the Clines first raised their concerns. The Clines take issue with the fact that Former Counsel never produced their own summary of Parker Industries' employment data or explained why they disagreed with the Clines' analysis.[77] But the Clines provide no legal authority establishing Former Counsel were required to submit a counter-analysis.[78]

Significantly, Former Counsel timely supplemented their responses upon receipt of additional information from their client. The Clines contend this is problematic because Rule 36 of the Federal Rules of Civil Procedure required Former Counsel to respond to RFA 1 by indicating they lacked sufficient information to admit or deny it in the first instance, and stating in detail why they could not admit or deny.[79] But Rule 36 provides multiple options for how a party may answer a request for admission.[80] An answering party may either (1) admit, (2) specifically deny, or (3) state in detail why the request cannot truthfully be admitted or denied.[81]

---

[77] (*See id.*; Reply 4–5, Doc. No. 71.)

[78] Although a counter-analysis would have been an effective means of communicating Former Counsel's position on the fifteen-employee issue, their failure to provide one does not render Former Counsel's behavior sanctionable, considering the totality of the circumstances.

[79] (Reply 2, Doc. No. 71); *see also* Fed. R. Civ. P. 36(a)(4).

[80] *See* Fed. R. Civ. P. 36(a)(4).

[81] *Brockmann v. Bd. of Cnty. Comm'rs of Shawnee*, 404 F. App'x 271, 287 (10th Cir. 2010) (unpublished).

If a party chooses option three, they may explain that choice by asserting "lack of knowledge or information" but "only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."[82] No such requirement exists when a party chooses to admit or deny, the choice of how to proceed rests with the answering party, and the "party requesting an admission . . . may not force his opponent to admit and not deny."[83]

Moreover, Rule 36 must be read in conjunction with other discovery rules, especially where the Clines seek sanctions under Rule 26. The rules governing discovery do not require a party to provide complete and perfect information on the first attempt. Discovery is a *process*. Accordingly, the federal rules anticipate that a party's information may not always be complete and correct—or may even be incomplete and wrong—at first. Indeed, Rule 26 provides a mechanism for a party to correct such missteps:

> A party who has . . . responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.[84]

A discovery rule requiring perfection at the outset would be unrealistic and unworkable.

---

[82] Fed. R. Civ. P. 36(a)(4).

[83] *Scherer v. GE Capital Corp.*, No. 99-2172-GTV, 2000 U.S. Dist. LEXIS 3539, at *11 (D. Kan. Mar. 21, 2000).

[84] Fed. R. Civ. P. 26(e)(1)(A).

Former Counsel supplemented Parker Industries' discovery responses in a timely manner as they discovered the information provided was incomplete or incorrect, and as they received additional information from Parker Industries, as required by Rule 26. They supplemented responses related to the fifteen-employee issue on May 5, June 9, and June 15—respectively, four days, thirty-nine days, and six-and-a-half weeks after the Clines first raised concerns about the sufficiency of the responses. This is consistent with what the rules require.

These timely productions correlate with Former Counsel's communications about and analysis of the fifteen-employee issue. Because a Title VII claim may rise or fall on the fifteen-employee issue,[85] a premature or erroneous admission can have significant consequences. The Clines contend the information produced as of May 9 showed Parker Industries met the fifteen-employee requirement from June 17, 2019 through November 14, 2019, notwithstanding the incomplete and inconsistent employment data.[86] But according to Former Counsel, while the Clines' analysis indicated Parker Industries employed eighteen employees during the week of October 21, 2019, their own analysis showed they employed only twelve employees that week.[87] On June 9, Former Counsel received additional documents from Parker Industries. The Clines contend the June 9 data (although still inconsistent and incomplete) clearly established Parker Industries satisfied the fifteen-employee requirement.[88] Former Counsel do not dispute this

---

[85] *Cf. Castille*, 29 F. App'x at 561 ("An organization employing fewer than the fifteen people is not subject to the anti-discrimination provisions of Title VII.").

[86] (Mot. 11, Doc. No. 50.)

[87] (Opp'n 7, Doc. No. 71.)

[88] (*See* Mot. 11, Doc. No. 50; Reply 5, Doc. No. 71.)

point, but simply took longer (five days, to be exact) to arrive at this same conclusion. Five days is not unreasonable, especially considering the incomplete data, and where the fifteen-employee calculation is not always straightforward. Under the circumstances, reasonable minds could differ as to when the fifteen-employee issue was "clear-cut."[89]

Finally, it's important to keep in mind the overall timing of this dispute. Only seventeen days passed from when the Clines first raised concerns regarding the sufficiency of Parker Industries' discovery responses to when they filed their motion for partial summary judgment on the fifteen-employee issue. Parker Industries supplemented their responses four days after the Clines raised their concerns, and again a month after that. All in all, only six-and-a-half weeks passed from the time the Clines first raised their concerns to when Former Counsel amended Parker Industries' response to RFA 1, admitting the fifteen-employee issue. This is not an unreasonable amount of time.

## CONCLUSION

For these reasons and based on the totality of the circumstances known at the time of signing, Former Counsel's certification of Parker Industries' initial discovery responses was substantially justified. Accordingly, sanctions are unwarranted and the Clines' motion for

---

[89] (*See* Opp'n 9, Doc. No. 70; Reply 5, Doc. No. 71.)

attorney fees[90] is DENIED. This order will be sent to Former Counsel at the address set forth in the opposition to the instant motion.[91]

DATED this 25 day of August, 2023.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[90] (Doc. No. 50.)

[91] (Doc. No. 70.)